# ORIGINAL

answ 1st amd complt-USDC-toro

Of Counsel:
ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

KENNETH S. ROBBINS        1000-0
LEIGHTON M. HARA          7826-0
WENDY M. YAMAMOTO         8049-0
2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-2355
Facsimile: (808) 526-0290
E-mail: defend@robbinsandassociates.net

Attorneys for Defendant
ROBERT B. PRESTON

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 27 2005

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br>HAWAII STATE ASBESTOS CASES<br><br>GEORGE H. TORO and VIVIAN TORO;<br><br>ZEKE H. SAKURAI and MASAE SAKURAI;<br><br>LOLITA F. APO, individually and as Special Administrator of the Estate of JOHN K. APO, deceased;<br><br>VIOLET MAII, individually and as Special Administrator of the Estate of SAMUEL K. MAII, deceased; | CIVIL NO. CV03-00326 REJ KSC<br><br>DEFENDANT ROBERT B. PRESTON'S ANSWER TO FIRST AMENDED COMPLAINT FILED JULY 7, 2003; CERTIFICATE OF SERVICE<br><br>TRIAL: NOT YET SCHEDULED<br>JUDGE: ROBERT E. JONES<br>    Chief U.S. District<br>      Judge |

|  |  |
|---|---|
| Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| 1) COMBUSTION ENGINEERING, INC., a Delaware corporation; | ) |
|  | ) |
| 2) ABB, LTD., a foreign corporation, as Successor-in-Interest to COMBUSTION ENGINEERING, INC., a Delaware corporation; | ) |
|  | ) |
| 3) ASEA BROWN BOVERI, LTD., a foreign corporation, as Successor-in-Interest to COMBUSTION ENGINEERING, INC., a Delaware corporation; | ) |
|  | ) |
| 4) ASEA BROWN BOVERI, INC., a Delaware corporation, as Successor-in-Interest to COMBUSTION ENGINEERING, INC., a Delaware corporation; | ) |
|  | ) |
| 5) TRAVELERS INSURANCE COMPANY, a Connecticut corporation; | ) |
|  | ) |
| 6) TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; | ) |
|  | ) |
| 7) ARTER & HADDEN, LLP; | ) |
|  | ) |
| 8) ROBERT B. PRESTON, an individual; | ) |
|  | ) |
| 9) FRANK T. CHRISTENSON, an individual; | ) |

| | |
|---|---|
| 10) CONNECTICUT VALLEY CLAIMS SERVICES COMPANY, INC., a Delaware corporation; | ) ) ) ) |
| 11) JOHN P. BRETT, an individual; | ) ) ) |
| 12) CHAR HAMILTON CAMPBELL & THOM, Attorneys At Law, A Law Corporation; | ) ) ) ) ) |
| Defendants. | ) ) |

DEFENDANT ROBERT B. PRESTON'S
ANSWER TO FIRST AMENDED COMPLAINT FILED JULY 7, 2003

COMES NOW Defendant ROBERT B. PRESTON (hereinafter referred to as "Defendant"), by and through his attorneys, Robbins & Associates, and for answer to Plaintiffs' First Amended Complaint, filed with this Court on July 7, 2003, states as follows:

FIRST DEFENSE

1. Plaintiffs' First Amended Complaint does not state a claim upon which relief can be granted.

SECOND DEFENSE

2. In answer to Paragraphs 1, 2, 3, 4, 5, 6, 11c., 29 [sic], 35 [sic], 36 [sic], 43 [sic], 44 [sic], 50 [sic], 51 [sic], 53 [sic], 54 [sic], and 55 [sic] of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining

3

allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth therefore.

3. In answer to Paragraphs 8, 9, 10, 11a., 11b., 12, 13, 14, 15, 31 [sic], 39 [sic], 40 [sic], 41 [sic], 45 [sic], 46 [sic], and 52 [sic] of the First Amended Complaint, Defendant neither admits nor denies the allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

4. In answer to Paragraph 7 of the First Amended Complaint, Defendant admits that Robert B. Preston is an individual; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

5. In answer to Paragraph 11d. of the First Amended Complaint, Defendant denies the allegations contained therein.

6. In answer to Paragraph 16 of the First Amended Complaint, Defendant states that the interrogatories referenced therein speak for themselves; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

7. In answer to Paragraph 17 of the First Amended Complaint, Defendant states that the interrogatory responses speak for themselves; Defendant

4

denies the remaining allegations insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without information sufficient to form a belief as to the truth thereof.

8.  In answer to Paragraph 28 [sic] of the First Amended Complaint, Defendant states that the interrogatory responses referenced therein speak for themselves; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

9.  In answer to Paragraph 30 [sic] of the First Amended Complaint, Defendant states that the deposition referenced therein speaks for itself; Defendant denies the allegations contained therein insofar as they relate to him.

10. In answer to Paragraph 32 [sic] of the First Amended Complaint, Defendant states that the interrogatory responses referenced therein speak for themselves; Defendant denies the remaining allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

11. In answer to Paragraph 33 [sic] of the First Amended Complaint, Defendant states that the document referenced therein speaks for itself; Defendant neither admits nor denies the remaining allegations contained therein as

he is without knowledge or information sufficient to form a belief as to the truth thereof.

12. In answer to Paragraph 34 [sic] of the First Amended Complaint, Defendant states that the affidavit referenced therein speaks for itself; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

13. In answer to Paragraph 37 [sic] of the First Amended Complaint, Defendant states that the document referenced therein speaks for itself; Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

14. In answer to Paragraph 38 [sic] of the First Amended Complaint, Defendant states that the document referenced therein speaks for itself; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

15. In answer to Paragraph 42 [sic] of the First Amended Complaint, Defendant states that the document referenced therein speaks for itself;

Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

16.  In answer to Paragraph 47 [sic] of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

17.  In answer to Paragraph 48 [sic] of the First Amended Complaint, Defendant states that the affidavit referenced therein speaks for itself; Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

18.  In answer to Paragraph 49 [sic] of the First Amended Complaint, Defendant states that the documents referenced therein speak for themselves; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth thereof.

## COUNT I

19.In answer to the First Cause of Action of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth therefore.

## COUNT II

20.In answer to the Second Cause of Action of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth therefore.

## COUNT III

21.In answer to the Third Cause of Action of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth therefore.

## COUNT IV

22. In answer to the Fourth Cause of Action of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth therefore.

## COUNT V

23. In answer to the Fifth Cause of Action of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth therefore.

## COUNT VI

24. In answer to the Sixth Cause of Action of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth therefore.

## COUNT VII

25. In answer to the Seventh Cause of Action of the First Amended Complaint, Defendant denies the allegations contained therein insofar as they relate to him; Defendant neither admits nor denies the remaining allegations contained therein as he is without knowledge or information sufficient to form a belief as to the truth therefore.

## ALL COUNTS

26. Any allegations contained in Plaintiffs' First Amended Complaint not specifically addressed in this Answer are hereby denied.

## THIRD DEFENSE

27. The First Amended Complaint is barred due to accord and satisfaction.

## FOURTH DEFENSE

28. The First Amended Complaint is barred due to discharge in bankruptcy.

## FIFTH DEFENSE

29. Some or all of Plaintiffs' claims are barred by the applicable Statute of Limitations.

## SIXTH DEFENSE

30. The First Amended Complaint is barred by the voluntary assumption of a known risk.

## SEVENTH DEFENSE

31. The First Amended Complaint is barred by the statute of frauds.

## EIGHTH DEFENSE

32. The First Amended Complaint is barred by lack of privity.

## NINTH DEFENSE

33. The First Amended Complaint is barred by lack of standing.

## TENTH DEFENSE

34. The First Amended Complaint is barred by the failure to mitigate damages.

## ELEVENTH DEFENSE

35. The First Amended Complaint is barred by equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## TWELFTH DEFENSE

36. The Court lacks subject matter jurisdiction over the First Amended Complaint insofar as it relates to Defendant.

## THIRTEENTH DEFENSE

37.	Plaintiffs' First Amended Complaint should be dismissed for lack of jurisdiction over the person of Defendant.

## FOURTEENTH DEFENSE

38.	The First Amended Complaint is barred due to improper venue.

## FIFTEENTH DEFENSE

39.	The action is improper against Defendant as a result of the pending bankruptcy litigation.

## SIXTEENTH DEFENSE

40.	Plaintiffs are barred from maintaining this action against Defendant by reason of their own negligence or wrongful conduct of other parties which was the legal cause of the damages alleged in Plaintiffs' First Amended Complaint.

## SEVENTEENTH DEFENSE

41.	The liability, if any, for the damages alleged in the First Amended Complaint rests with parties other than Defendant.

## EIGHTEENTH DEFENSE

42.	Plaintiffs' First Amended Complaint should be dismissed under Rule 19 of the Hawaii Rules of Civil Procedure for Plaintiffs' willful failure to join a person necessary for the proper adjudication of these issues.

## NINETEENTH DEFENSE

43. The rights and remedies of Plaintiffs are restricted by agreement.

## TWENTIETH DEFENSE

44. Plaintiffs are not entitled to recover the punitive damages demanded in their First Amended Complaint as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of Hawaii, including Defendant's right to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Hawaii; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 12 of the Constitution of the State of Hawaii; and (3) substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I of the Constitution of the State of Hawaii.

## TWENTY-FIRST DEFENSE

45. Some or all of Plaintiffs' claims are barred because Defendant acted in good faith.

### TWENTY-SECOND DEFENSE

46. Plaintiffs' claims are barred for failure to exhaust administrative remedies.

### TWENTY-THIRD DEFENSE

47. Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

### TWENTY-FOURTH DEFENSE

48. Some or all of Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

### TWENTY-FIFTH DEFENSE

49. Plaintiffs' claims are barred by release and waiver.

### TWENTY-SIXTH DEFENSE

50. Based on the allegations in the First Amended Complaint, Defendant cannot formulate all of his defenses at this time, but reserves the right to amend his answer to include additional affirmative defenses if and when discovery justifies same.

WHEREFORE, Defendant prays that:

A. All claims contained in Plaintiffs' First Amended Complaint against him be dismissed with prejudice;

B.  If liability is found with regard to Defendant, the relative degree of fault of each joint tortfeasor be determined and that he have apportionment and/or judgment over and against the other parties for any amount which it may pay in excess of its pro rata share;

C.  Defendant be awarded attorneys' fees and costs;

D.  Defendant have such other and further relief as this Court deems just and equitable.

DATED:  Honolulu, Hawaii, _____DEC 2 7 2005_____.

_____
KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

Attorneys for Defendant
ROBERT B. PRESTON

Civil No. CV03-00326 REJ KSC; <u>Toro, et al. v. Combustion Engineering, Inc., et al.</u>; DEFENDANT ROBERT B. PRESTON'S ANSWER TO FIRST AMENDED COMPLAINT FILED JULY 7, 2003

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br>HAWAII STATE ASBESTOS<br>CASES<br><br>GEORGE H. TORO and VIVIAN<br>TORO;<br><br>ZEKE H. SAKURAI and MASAE<br>SAKURAI;<br><br>LOLITA F. APO, individually and as<br>Special Administrator of the Estate of<br>JOHN K. APO, deceased;<br><br>VIOLET MAII, individually and as<br>Special Administrator of the Estate of<br>SAMUEL K. MAII, deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>1) COMBUSTION ENGINEERING,<br>INC., a Delaware corporation;<br><br>2) ABB, LTD., a foreign corporation, as<br>Successor-in-Interest to COMBUSTION<br>ENGINEERING, INC., a Delaware<br>corporation;<br><br>3) ASEA BROWN BOVERI, LTD., a<br>foreign corporation, as Successor-in-<br>Interest to COMBUSTION<br>ENGINEERING, INC., a Delaware<br>corporation; | CIVIL NO. CV03-00326 REJ KSC<br><br>CERTIFICATE OF SERVICE<br><br><br><br>TRIAL: NOT YET SCHEDULED<br>JUDGE: ROBERT E. JONES<br>    Chief U.S. District<br>       Judge |

| | |
|---|---|
| 4) ASEA BROWN BOVERI, INC., a Delaware corporation, as Successor-in-Interest to COMBUSTION ENGINEERING, INC., a Delaware corporation; | ) ) ) ) ) ) ) |
| 5) TRAVELERS INSURANCE COMPANY, a Connecticut corporation; | ) ) |
| 6) TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; | ) ) ) |
| 7) ARTER & HADDEN, LLP; | ) ) |
| 8) ROBERT B. PRESTON, an individual; | ) ) ) |
| 9) FRANK T. CHRISTENSON, an individual; | ) ) ) |
| 10) CONNECTICUT VALLEY CLAIMS SERVICES COMPANY, INC., a Delaware corporation; | ) ) ) ) |
| 11) JOHN P. BRETT, an individual; | ) ) |
| 12) CHAR HAMILTON CAMPBELL & THOM, Attorneys At Law, A Law Corporation; | ) ) ) ) |
|                Defendants. | ) ) |

4) ASEA BROWN BOVERI, INC., a Delaware corporation, as Successor-in-Interest to COMBUSTION ENGINEERING, INC., a Delaware corporation;

5) TRAVELERS INSURANCE COMPANY, a Connecticut corporation;

6) TRAVELERS INDEMNITY COMPANY, a Connecticut corporation;

7) ARTER & HADDEN, LLP;

8) ROBERT B. PRESTON, an individual;

9) FRANK T. CHRISTENSON, an individual;

10) CONNECTICUT VALLEY CLAIMS SERVICES COMPANY, INC., a Delaware corporation;

11) JOHN P. BRETT, an individual;

12) CHAR HAMILTON CAMPBELL & THOM, Attorneys At Law, A Law Corporation;

               Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT ROBERT B. PRESTON'S ANSWER TO FIRST AMENDED COMPLAINT FILED JULY 7, 2003 was duly served on the following persons, at their last known addresses, by U.S. Mail, postage prepaid on  DEC 27 2005  :


L. RICHARD DeROBERTIS, ESQ.
Galiher DeRobertis Nakamura Ono Takitani
610 Ward Avenue, Suite 200
Honolulu, Hawaii 96814

Attorneys for Plaintiffs

JEFFREY S. PORTNOY, ESQ.
THEODORE D.C. YOUNG, ESQ.
Cades Schutte
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813


CHET A. KRONENBERG, ESQ.
DEBORAH L. STEIN, ESQ.
Simpson Thacher & Bartlett LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067-4607

BARRY R. OSTRAGER, ESQ.
ANDREW T. FRANKEL, ESQ.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017-3954

Attorneys for Defendants
TRAVELERS INSURANCE COMPANY and
TRAVELERS INDEMNITY COMPANY

DATED:  Honolulu, Hawaii, _____ DEC 27 2005 _____.

_____
KENNETH S. ROBBINS
LEIGHTON M. HARA
WENDY M. YAMAMOTO

Attorneys for Defendant
ROBERT B. PRESTON

Civil No. CV03-00326 REJ KSC; Toro, et al. v. Combustion Engineering, Inc., et al.; CERTIFICATE OF SERVICE (RE: DEFENDANT ROBERT B. PRESTON'S ANSWER TO FIRST AMENDED COMPLAINT FILED JULY 7, 2003)

4