Of Counsel:
GALIHER DeROBERTIS ONO
Law Corporations

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| JEFFREY T. ONO | 2763 |

610 Ward Avenue, Second Floor
Honolulu, Hawaii  96814-3308
Telephone:  (808) 597-1400
Facsimile:   (808) 591-2608

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br>HAWAII FEDERAL ASBESTOS CASES<br><br>LORENZO BACLAAN and NAOMI<br>BACLAAN, et al.,<br><br>            Plaintiffs,<br>    vs.<br><br>COMBUSTION ENGINEERING, INC., a<br>Delaware corporation, et al.,<br><br>            Defendants. | CASE NOS. CV03-00325 REJ LEK<br>               CV03-00326 REJ KSC<br><br>**PLAINTIFFS' MOTION TO (1)**<br>**APPROVE ENTERING INTO**<br>**STIPULATION WITH TRUSTEE IN**<br>**THE ARTER & HADDEN LLP**<br>**CHAPTER 7 BANKRUPTCY, AND (2)**<br>**ISSUE AN ORDER TO SHOW CAUSE**<br>**TO THE "MINIDOM INSURERS";**<br>**MEMORANDUM IN SUPPORT OF**<br>**MOTION; DECLARATION OF**<br>**COUNSEL; EXHIBITS A-F;**<br>**CERTIFICATE OF SERVICE** |
| IN RE:<br>HAWAII FEDERAL ASBESTOS CASES<br><br>GEORGE H. TORO and VIVIAN TORO, et al.,<br><br>            Plaintiffs,<br>    vs.<br><br>COMBUSTION ENGINEERING, INC., a<br>Delaware corporation, et al.,<br><br>            Defendants. | |

D:\00862A70\pleading\Baclaan\jmt07mtn.doc

**PLAINTIFFS' MOTION TO (1) APPROVE ENTERING
INTO STIPULATION WITH TRUSTEE IN THE ARTER & HADDEN
LLP CHAPTER 7 BANKRUPTCY, AND (2) ISSUE AN
ORDER TO SHOW CAUSE TO THE "MINIDOM INSURERS"**

Plaintiffs hereby move this Honorable Court pursuant to FRCP 23 for permission to enter into the "Stipulation Regarding Trustee's First Omnibus Objection to Claims", a true and correct copy of which is attached hereto and marked as Exhibit A.  The purpose of this Stipulation would be an agreement to lift the automatic bankruptcy stay in favor of debtor Arter & Hadden LLP and to permit Plaintiffs to pursue their remedies in state or federal court only to the extent of insurance coverage but not against any other assets of Arter & Hadden.

Plaintiffs also respectfully request this Honorable Court to issue an Order to Show Cause to the insurers of Defendants Robert B. Preston, Esq. and Arter & Hadden LLP, to state whether said insurers are denying coverage or conceding coverage of the claims made herein, and if denying coverage, on what grounds.

This Motion is based upon the Memorandum of Law attached hereto, Declaration of Counsel, exhibits attached thereto and all the pleadings and papers filed herein.

              /s/ L. Richard DeRobertis
           GARY O. GALIHER
           L. RICHARD DeROBERTIS
           JEFFREY T. ONO
           Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br>HAWAII FEDERAL ASBESTOS CASES<br><br>LORENZO BACLAAN and NAOMI BACLAAN, et al.,<br><br>        Plaintiffs,<br>   vs.<br><br>COMBUSTION ENGINEERING, INC., a Delaware corporation, et al.,<br><br>        Defendants.<br>_____<br>IN RE:<br>HAWAII FEDERAL ASBESTOS CASES<br><br>GEORGE H. TORO and VIVIAN TORO, et al.,<br><br>        Plaintiffs,<br>   vs.<br><br>COMBUSTION ENGINEERING, INC., a Delaware corporation, et al.,<br><br>        Defendants.<br>_____ | CASE NOS. CV03-00325 REJ LEK<br>              CV03-00326 REJ KSC<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.     PREFACE**

        As this Court is aware, these class actions involve claims by Hawaii plaintiffs who settled asbestos personal injury and/or wrongful death claims with Combustion Engineering and alleged that they were defrauded into entering low settlements. The core allegation is Combustion Engineering's interrogatory answers filed and served in the Hawaii Asbestos

Litigation falsely denied the sales of any Combustion Engineering asbestos products to Hawaii. As explained more in the facts supported by documents submitted to this Court with respect to Plaintiffs' Motion to Remand, it is Plaintiffs' contention that attorney Robert B. Preston of the Arter & Hadden law firm was the person who was primarily responsible for and in fact did draft Combustion Engineering's interrogatory answers that Plaintiffs contend were deliberately fraudulent. After the filing of this lawsuit, Arter & Hadden LLP declared Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. This, of course, triggered the automatic stay of these actions against Arter & Hadden LLP. However, personal service was recently effected on attorney Robert B. Preston, Esq. (Robert B. Preston had not declared bankruptcy and thus is not protected by the stay.).

## II.    STIPULATION TO LIFT THE STAY AND PROCEED AGAINST THE INSURANCE POLICY ASSETS ONLY IS APPROPRIATE

Plaintiffs' counsel has negotiated with Robert S. Bernstein, Esq., the attorney for Marc P. Gertz, trustee of the bankruptcy assets of Arter & Hadden LLP. The trustee is willing to enter into the Stipulation attached hereto as Exhibit A, which would lift the stay and allow Plaintiffs to proceed against Arter & Hadden LLP but only to the extent of collecting against its insurance policies and not any other assets. The bankruptcy trustee would also file "Trustee's First Omnibus Objection to Claims", a true and correct copy of which is attached and marked as Exhibit B.

The insurance assets that appear to be at play is the 2001 "Minidom Policy" No. 1015-00, a true and correct copy is attached and marked hereto as Exhibit C. The bankruptcy trustee has represented that this is the policy under which Arter & Hadden LLP had tendered its defense when it was served with the Complaints herein and had retained Kenneth Robbins, Esq.

of Honolulu to defend in these actions.  This insurance policy appears to have a $100 million policy limit, provides insurance coverage for punitive damage claims and also provides coverage for claims based upon fraud.

As Plaintiffs read this policy, there are actually three different insurance companies that are responsible for one-third (1/3) each:  Columbia Casualty Co., Nutmeg Insurance Company, and St. Paul Surplus Lines Insurance Company.  Plaintiffs' due diligence on these insurance companies included an investigation of their insurance affiliates.  Columbia Casualty Co. is a subsidiary of CNA Financial Corp. and is assigned a Best Rating of A (Excellent) (*See*, Exhibit D hereto).  Nutmeg Insurance Company is affiliated with the Hartford Insurance pool which has been assigned a Best Rating of A+ (Superior).  (*See*, Exhibit E hereto).  St. Paul Surplus Lines Insurance Company is a subsidiary of St. Paul Companies, Inc. which has a Best Rating of A+ (Superior).  (Exhibit F).

FRCP 23(e) provides that the court must approve any settlement, voluntary dismissal or compromise of the claims, issues or defenses of a **certified** class.  The instant classes have **not** been certified.  However, FRCP 23(d) provides in pertinent part as follows:

> Orders in Conduct of Actions.  In the actions to which this rule applies, the court may make appropriate orders: . . . (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, . . . .

Plaintiffs believe that this Stipulation is for the benefit of all class members and in an abundance of caution are seeking leave of this Court to enter the Stipulation without requiring notice to be given to any of the members of the class action since virtually all members of this class action are represented by this law firm or by a firm formerly known as Davis & Thomas and attorney Tom Thomas is being given notice of this Petition.

3

**III.   ORDER TO SHOW CAUSE**

Obviously, if the Minidom Insurers deny coverage of the claims made herein and if the appropriate tribunal∗ were to decide that there is no coverage, then this Stipulation – allowing Plaintiffs to proceed against the insurance policy only – would have no value. Accordingly, Plaintiffs' counsel are reluctant to actually sign the Stipulation even with this Court's permission unless and until they know whether or not the Minidom Insurers are conceding coverage – which Plaintiffs' counsel believe is the case – or are denying coverage. An investigation has revealed no issuance of any "reservations of rights" letter when Defendant Arter & Hadden LLP first entered its appearance in these class actions in 2004.

Nevertheless, given the crucial importance of whether or not insurance coverage is being conceded or contested, Plaintiffs respectfully request this Honorable Court to issue an Order to Show Cause to the Minidom Insurers (*i.e.* Columbia Casualty Company, Nutmeg Insurance Company, and St. Paul Surplus Lines Insurance Company) – to state equivocally whether or not they are conceding coverage under the 2001 Minidom Policy or are contesting coverage, and if they issued a "reservation of rights" letter herein.

If coverage is being conceded, then if this Court gives approval for Plaintiffs to enter into the proposed Stipulation, then Plaintiffs' counsel will sign the Stipulation forthwith. If coverage is being contested, then the coverage issues will be contested in the appropriate forum prior to Plaintiffs' counsel entering into the Stipulation. Once Plaintiffs and the Trustee sign this Stipulation, it will be submitted to the Arter & Hadden LLP Bankruptcy Court for approval. Plaintiffs understand that omnibus ojection will be filed concurrently therewith.

---

∗ Presumably the Arter & Hadden LLP Bankruptcy Court since an insurance policy is an asset of the debtor.

**IV.    CONCLUSION**

        Based on the foregoing, Plaintiffs respectfully request this Honorable Court to enter an Order allowing Plaintiffs' counsel to enter a proposed Stipulation which, upon Bankruptcy Court approval, will lift the bankruptcy stay against Defendant Arter & Hadden LLP and allow Plaintiffs to pursue their claims against Arter & Hadden LLP herein but only to the extent of any insurance policies and no other assets.  Plaintiffs also request this Honorable Court to issue an Order to Show Cause to Columbia Casualty Company, Nutmeg Insurance Company, and St. Paul Lines Insurance Company, to state whether they are accepting or denying coverage of the claims made herein.

        Respectfully submitted,

        /s/ L. Richard DeRobertis
GARY O. GALIHER
L. RICHARD DeROBERTIS
JEFFREY T. ONO
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br>HAWAII FEDERAL ASBESTOS CASES | CASE NOS. CV03-00325 REJ LEK<br>CV03-00326 REJ KSC |
| LORENZO BACLAAN and NAOMI BACLAAN, et al., | **DECLARATION OF COUNSEL** |
| Plaintiffs, | |
| vs. | |
| COMBUSTION ENGINEERING, INC., a Delaware corporation, et al., | |
| Defendants. | |
| IN RE:<br>HAWAII FEDERAL ASBESTOS CASES | |
| GEORGE H. TORO and VIVIAN TORO, et al., | |
| Plaintiffs, | |
| vs. | |
| COMBUSTION ENGINEERING, INC., a Delaware corporation, et al., | |
| Defendants. | |

## **DECLARATION OF COUNSEL**

I, L. Richard DeRobertis, hereby declare pursuant to Circuit Rule 7(g), Rules of the Circuit Court of the State of Hawaii, as follows:

1. My name is L. Richard DeRobertis, and I am competent to testify and I have personal knowledge of the following facts, unless otherwise indicated.

2. I am an attorney with Galiher DeRobertis Ono, counsel for Plaintiffs in the above-entitled lawsuit.

3. Attached hereto and marked as Exhibit A is a true and correct copy of the Stipulation Regarding Trustee's First Omnibus Objection to Claims.

4. Attached hereto and marked as Exhibit B is a true and correct copy of the Trustee's First Omnibus Objection to Claims.

5. Attached hereto and marked as Exhibit C is a true and correct copy of 2001 "Minidom Policy" No. 1015-00.

6. Attached hereto and marked as Exhibit D is a true and correct copy of documents obtained from the Internet regarding Columbia Casualty Co.

7. Attached hereto and marked as Exhibit E is a true and correct copy of documents obtained from the Internet regarding Nutmeg Insurance Co.

8. Attached hereto and marked as Exhibit F is a true and correct copy of documents obtained from the Internet regarding St. Paul Surplus Lines Insurance Co.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of February, 2006.

                                                        /s/ L. Richard DeRobertis
                                                        L. RICHARD DeROBERTIS

Of Counsel:
GALIHER DeROBERTIS ONO
Law Corporations

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| JEFFREY T. ONO | 2763 |

610 Ward Avenue, Suite 200
Honolulu, Hawaii  96814-3308
Telephone:  (808) 597-1400
Facsimile:   (808) 591-2608

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br>HAWAII FEDERAL ASBESTOS CASES<br><br>LORENZO BACLAAN and NAOMI BACLAAN, et al.,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>COMBUSTION ENGINEERING, INC., a Delaware corporation; et al.,<br><br>　　　　Defendants. | CASE NOS.  CV03-00325 REJ LEK<br>　　　　　　　CV03-00326 REJ KSC<br><br><br><br>**CERTIFICATE OF SERVICE** |
| IN RE:<br>HAWAII FEDERAL ASBESTOS CASES<br><br>GEORGE H. TORO and VIVIAN TORO, et al.,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>COMBUSTION ENGINEERING, INC., a Delaware coporation, et al.,<br><br>　　　　Defendants. | |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF on February 10, 2006:

Theodore D.C. Young
tyoung@cades.com
ATTORNEY FOR THE TRAVELERS INSURANCE COMPANY
AND THE TRAVELERS INDEMNITY COMPANY

Leighton M. Hara
lhara@robbinsandassociates.net
ATTORNEY FOR DEFENDANTS ARTER & HADDEN, LLP
AND ROBERT B. PRESTON, an Individual

Wendy M. Yamamoto
wyamamoto@robbinsandassociates.net
ATTORNEYS FOR DEFENDANTS ARTER & HADDEN, LLP
AND ROBERT B. PRESTON, an Individual

Served by First Class Mail on February 10, 2006:

Jeffrey S. Portnoy
Cades Schutte
1000 Bishop Street, Suite 1200
Honolulu, HI 96813
ATTORNEY FOR THE TRAVELERS INSURANCE COMPANY
AND THE TRAVELERS INDEMNITY COMPANY

Andrew T. Frankel
Barry R. Ostrager
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
ATTORNEYS FOR THE TRAVELERS INSURANCE COMPANY
AND THE TRAVELERS INDEMNITY COMPANY

Chet A. Kronenberg
Simpson Thacher & Bartlett LLP
10 Universal City Plaza, Suite 1850
Los Angeles, CA 91608
ATTORNEY FOR THE TRAVELERS INSURANCE COMPANY
AND THE TRAVELERS INDEMNITY COMPANY

Deborah L. Stein
Simpson Thacher & Bartlett LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067-4607
ATTORNEY FOR THE TRAVELERS INSURANCE COMPANY
AND THE TRAVELERS INDEMNITY COMPANY

Kenneth S. Robbins
Charla J. Ota
Robbins & Associates
841 Bishop Street, Suite 2200
Honolulu, HI 96813
ATTORNEYS FOR DEFENDANTS ARTER & HADDEN, LLP
AND ROBERT B. PRESTON, an Individual

Peter C.P. Char
Char Hamilton Campbell & Thom
Pacific Guardian Center Mauka Tower
737 Bishop Street, Suite 2100
Honolulu, HI 96813
ATTORNEY FOR DEFENDANT JOHN P. BRETT

Sidney K. Ayabe
Ann H. Aratani
Ayabe Chong Nishimoto Sia & Nakamura
Pauahi Tower
1001 Bishop Street, Suite 2500
Honolulu, HI 96813
ATTORNEYS FOR DEFENDANT PETER C.P. CHAR

Robert S. Bernstein
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
SPECIAL COUNSEL FOR TRUSTEE

Thomas D. Thomas
3000 Ocean Park Blvd., Suite 1010
Santa Monica, CA 90405
ATTORNEY FOR CERTAIN CLASS ACTION MEMBERS

Mendes & Mount, LLP
750 Seventh Avenue
New York, NY 10019
ATTORNEYS FOR CERTAIN UNDERWRITERS
OF "MINIDOM INSURERS"

3

DATED: Honolulu, Hawaii, February 10, 2006.

      /s/ L. Richard DeRobertis
GARY O. GALIHER
L. RICHARD DeROBERTIS
JEFFREY T. ONO
Attorneys for Plaintiffs