IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br>HAWAII FEDERAL ASBESTOS CASES<br><br>LORENZO BACLAAN and NAOMI BACLAAN, et al.,<br><br>            Plaintiffs,<br>    vs.<br><br>COMBUSTION ENGINEERING, INC., a Delaware corporation, et al.,<br><br>            Defendants.<br>_____<br>IN RE:<br>HAWAII FEDERAL ASBESTOS CASES<br><br>GEORGE H. TORO and VIVIAN TORO, et al.,<br><br>            Plaintiffs,<br>    vs.<br><br>COMBUSTION ENGINEERING, INC., a Delaware corporation, et al.,<br><br>            Defendants.<br>_____ | CASE NOS. CV03-00325 REJ LEK<br>                    CV03-00326 REJ KSC<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.     PREFACE**

As this Court is aware, these class actions involve claims by Hawaii plaintiffs who settled asbestos personal injury and/or wrongful death claims with Combustion Engineering and alleged that they were defrauded into entering low settlements. The core allegation is Combustion Engineering's interrogatory answers filed and served in the Hawaii Asbestos

Litigation falsely denied the sales of any Combustion Engineering asbestos products to Hawaii. As explained more in the facts supported by documents submitted to this Court with respect to Plaintiffs' Motion to Remand, it is Plaintiffs' contention that attorney Robert B. Preston of the Arter & Hadden law firm was the person who was primarily responsible for and in fact did draft Combustion Engineering's interrogatory answers that Plaintiffs contend were deliberately fraudulent. After the filing of this lawsuit, Arter & Hadden LLP declared Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. This, of course, triggered the automatic stay of these actions against Arter & Hadden LLP. However, personal service was recently effected on attorney Robert B. Preston, Esq. (Robert B. Preston had not declared bankruptcy and thus is not protected by the stay.).

## II. STIPULATION TO LIFT THE STAY AND PROCEED AGAINST THE INSURANCE POLICY ASSETS ONLY IS APPROPRIATE

Plaintiffs' counsel has negotiated with Robert S. Bernstein, Esq., the attorney for Marc P. Gertz, trustee of the bankruptcy assets of Arter & Hadden LLP. The trustee is willing to enter into the Stipulation attached hereto as Exhibit A, which would lift the stay and allow Plaintiffs to proceed against Arter & Hadden LLP but only to the extent of collecting against its insurance policies and not any other assets. The bankruptcy trustee would also file "Trustee's First Omnibus Objection to Claims", a true and correct copy of which is attached and marked as Exhibit B.

The insurance assets that appear to be at play is the 2001 "Minidom Policy" No. 1015-00, a true and correct copy is attached and marked hereto as Exhibit C. The bankruptcy trustee has represented that this is the policy under which Arter & Hadden LLP had tendered its defense when it was served with the Complaints herein and had retained Kenneth Robbins, Esq.

of Honolulu to defend in these actions. This insurance policy appears to have a $100 million policy limit, provides insurance coverage for punitive damage claims and also provides coverage for claims based upon fraud.

As Plaintiffs read this policy, there are actually three different insurance companies that are responsible for one-third (1/3) each: Columbia Casualty Co., Nutmeg Insurance Company, and St. Paul Surplus Lines Insurance Company. Plaintiffs' due diligence on these insurance companies included an investigation of their insurance affiliates. Columbia Casualty Co. is a subsidiary of CNA Financial Corp. and is assigned a Best Rating of A (Excellent) (*See*, Exhibit D hereto). Nutmeg Insurance Company is affiliated with the Hartford Insurance pool which has been assigned a Best Rating of A+ (Superior). (*See*, Exhibit E hereto). St. Paul Surplus Lines Insurance Company is a subsidiary of St. Paul Companies, Inc. which has a Best Rating of A+ (Superior). (Exhibit F).

FRCP 23(e) provides that the court must approve any settlement, voluntary dismissal or compromise of the claims, issues or defenses of a **certified** class. The instant classes have **not** been certified. However, FRCP 23(d) provides in pertinent part as follows:

> Orders in Conduct of Actions. In the actions to which this rule applies, the court may make appropriate orders: . . . (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, . . . .

Plaintiffs believe that this Stipulation is for the benefit of all class members and in an abundance of caution are seeking leave of this Court to enter the Stipulation without requiring notice to be given to any of the members of the class action since virtually all members of this class action are represented by this law firm or by a firm formerly known as Davis & Thomas and attorney Tom Thomas is being given notice of this Petition.

3

**III.    ORDER TO SHOW CAUSE**

Obviously, if the Minidom Insurers deny coverage of the claims made herein and if the appropriate tribunal∗ were to decide that there is no coverage, then this Stipulation – allowing Plaintiffs to proceed against the insurance policy only – would have no value. Accordingly, Plaintiffs' counsel are reluctant to actually sign the Stipulation even with this Court's permission unless and until they know whether or not the Minidom Insurers are conceding coverage – which Plaintiffs' counsel believe is the case – or are denying coverage. An investigation has revealed no issuance of any "reservations of rights" letter when Defendant Arter & Hadden LLP first entered its appearance in these class actions in 2004.

Nevertheless, given the crucial importance of whether or not insurance coverage is being conceded or contested, Plaintiffs respectfully request this Honorable Court to issue an Order to Show Cause to the Minidom Insurers (*i.e.* Columbia Casualty Company, Nutmeg Insurance Company, and St. Paul Surplus Lines Insurance Company) – to state equivocally whether or not they are conceding coverage under the 2001 Minidom Policy or are contesting coverage, and if they issued a "reservation of rights" letter herein.

If coverage is being conceded, then if this Court gives approval for Plaintiffs to enter into the proposed Stipulation, then Plaintiffs' counsel will sign the Stipulation forthwith. If coverage is being contested, then the coverage issues will be contested in the appropriate forum prior to Plaintiffs' counsel entering into the Stipulation. Once Plaintiffs and the Trustee sign this Stipulation, it will be submitted to the Arter & Hadden LLP Bankruptcy Court for approval. Plaintiffs understand that omnibus ojection will be filed concurrently therewith.

---

∗ Presumably the Arter & Hadden LLP Bankruptcy Court since an insurance policy is an asset of the debtor.

4

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request this Honorable Court to enter an Order allowing Plaintiffs' counsel to enter a proposed Stipulation which, upon Bankruptcy Court approval, will lift the bankruptcy stay against Defendant Arter & Hadden LLP and allow Plaintiffs to pursue their claims against Arter & Hadden LLP herein but only to the extent of any insurance policies and no other assets.  Plaintiffs also request this Honorable Court to issue an Order to Show Cause to Columbia Casualty Company, Nutmeg Insurance Company, and St. Paul Lines Insurance Company, to state whether they are accepting or denying coverage of the claims made herein.

Respectfully submitted,

_____/s/ L. Richard DeRobertis_____
GARY O. GALIHER
L. RICHARD DeROBERTIS
JEFFREY T. ONO
Attorneys for Plaintiffs