IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re<br>ARTER & HADDEN, LLP,<br><br>Debtors<br>_____<br><br>MARC P. GERTZ, TRUSTEE,<br><br>Movant<br><br>v.<br><br>LORENZO BACLAAN and CLAIMANTS<br>LISTED ON ATTACHED EXHIBIT "A"<br><br>Respondents. | Chapter 7<br><br>Case No. 03-23293 |

## TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS

AND NOW comes Marc P. Gertz, Trustee in the above captioned bankruptcy case, by and through his undersigned attorneys, hereby submits the within First Omnibus Objection to Claims and in support thereof avers the following:

### Background

1. On or about October 6, 2003, Debtor Arter & Hadden was the subject of a Chapter 7 Bankruptcy petition pursuant to Title 11 of the United States Bankruptcy Code. An Order for Relief was subsequently entered.

2. Debtor represented Combustion Engineering, Inc. in an asbestos related civil action filed in the State of Hawaii.

3. On or about July 16, 1979, the plaintiffs in the asbestos litigation provided interrogatories directed toward Combustion Engineering.

4. Said interrogatories were completed by Arter & Hadden, however the claimants above aver that the interrogatories were not completed truthfully.

5. The alleged falsified answers to the interrogatories persuaded the claimants to settle for a lesser amount in the asbestos cases (the "Settlement").

6. The claimant listed herein have filed claims against Arter & Hadden to recover damages in the amount of the difference between the amount they actually settled for and the amount of their potential claims.

### Jurisdiction

7. Pursuant to 28 U.S.C. §1334, the Court has jurisdiction over this matter, which is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue in this district is proper pursuant to 28 U.S.C.§ § 4108 and 1409. The statutory basis for the relief requested herein is § 502 of the United States Bankruptcy Code.

### Description of Debtor

8. The Debtor, Arter & Hadden, was a law firm that operated several offices throughout the United States. The firm filed for bankruptcy in October of 2003 in the Northern District of Ohio. The firm dissolved and discontinued doing business as "Arter & Hadden" in July 2003, several months prior to their bankruptcy filing.

### Objection to Claims

9. Approximately 2687 claimants have filed claims against the Debtor stating that the Settlement was essentially in bad faith due to the alleged falsification of the answers to interrogatories provided by Debtor on behalf of Combustion

Engineering, Inc. A list of the claimant is attached hereto as "Trustee's Exhibit A".

10. Each claim is estimated to be approximately valued at $50,000, each claim is unsecured.

11. Former partners of the Debtor have advised trustee that the amount of these claims, if they were valid, would be covered by Debtor's Professional Liability insurance in force when the claims were made.

12. The Trustee has been advised that the Professional Liability insurer(s) has been providing a defense for the subject claims, prior to and after the filing of the Bankruptcy.

13. By filing the within Objections, Trustee neither waives his right to object to other proofs of claim nor to assert further objections related to the aforementioned claims.

WHEREFORE, the Trustee respectfully requests that this Honorable Court grant the within objections and disallow the claims listed herein.

Respectfully submitted,

BERNSTEIN LAW FIRM, P.C.

By: /s/ Robert S. Bernstein
Robert S. Bernstein, Esquire
Special Counsel for Trustee
PA I.D. #34308
Suite 2200 Gulf Tower
Pittsburgh, PA 15219
412-456-8100 (phone)
412-456-8251 (fax)
bob@bernsteinlaw.com

3