FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Oct 31, 2016**
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LORENZO BACLAAN and NAOMI BACLAAN, | ) ) ) | CIVIL 03-00325 LEK-KSC CIVIL 03-00326 LEK-KSC CIVIL 03-00401 LEK-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| COMBUSTION ENGINEERING, ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |
| GEORGE H. TORO and VIVIAN TORO, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| COMBUSTION ENGINEERING, ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |
| THEODORE K. HOPKINS and RUBY HOPKINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| COMBUSTION ENGINEERING, ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND AND/OR ABSTAIN AND FOR LEAVE TO ADD DEFENDANT**

On July 5, 2016, Plaintiffs Lorenzo Baclaan;

Naomi Baclaan; Eleanor C. Benedict, individually, and as Special

Administrator of the Estate of Francis Benedict, deceased;

Peter M.Y. Kim; and Lida Mae Kim (collectively "the Baclaan Plaintiffs") filed their Motion to Remand and/or Abstain and Motion for Leave to Name New Party Defendant ("Baclaan Motion"). [CV 03-00325, dkt. no. 91.]  Plaintiffs George H. Toro; Vivian Toro; Zeke H. Sakurai; Masae Sakurai; Lolita F. Apo, individually and as Special Administrator of the Estate of John K. Apo, deceased; and Violet Maii, individually and as Special Administrator of the Estate of Samuel K. Maii, deceased (collectively "the Toro Plaintiffs"), and Plaintiffs Theodore K. Hopkins and Ruby Hopkins, et al. (collectively "the Hopkins Plaintiffs") filed similar motions in their respective cases ("Toro Motion" and "Hopkins Motion," respectively).  [Toro, CV 03-00326, dkt. no. 83; Hopkins, CV 03-00401, dkt. no. 65.[1]]

        Defendant Arter & Hadden LLP ("A&H") filed a joint memorandum in opposition to all three motions (collectively "Motions") on August 29, 2016.  [Dkt. no. 98.]  The Baclaan Plaintiffs, the Toro Plaintiffs, and the Hopkins Plaintiffs (all collectively "Plaintiffs") filed a joint reply on September 5, 2016.  [Dkt. no. 102.]  These matters came on for hearing on September 19, 2016.  After careful consideration of the Motions, supporting and opposing memoranda, the arguments of counsel, and the relevant legal authority, the Motions are HEREBY GRANTED and

---

        [1] Unless otherwise specified, all further docket citations refer to documents filed in Baclaan, CV 03-00325.

the cases are HEREBY REMANDED to the state court, for the reasons
set forth below.

## BACKGROUND

The Baclaan Plaintiffs and the Toro Plaintiffs filed
their respective complaints ("Baclaan Complaint" and "Toro
Complaint") in state court on December 10, 2002.  See Mem. in
Opp., Decl. of April A. Otterberg ("Otterberg Decl."), Exhs. 1,
2.  The Baclaan Plaintiffs describe their case as "a class action
of asbestos disease personal injury or wrongful death plaintiffs
who entered into settlements with Combustion Engineering, Inc.
('CE') from approximately 1982 to 2000 in the Hawaii Asbestos
Litigation."  [Mem. in Supp. of Baclaan Motion at 3-4.]  The
Baclaan Plaintiffs allege that they entered into the settlements
in reliance on false answers to interrogatories in the Hawai`i
asbestos cases.  According to the Baclaan Plaintiffs, the answers
to interrogatories falsely stated that: CE did not sell any
products containing asbestos in Hawai`i; and CE had no knowledge
that its asbestos products were used in Hawai`i.  The Baclaan
Plaintiffs assert that they discovered the answers to
interrogatories were false in 2001, and they point out that a
state court judge ordered ten documents de-privileged under the
crime-fraud exception to the attorney-client privilege.  Based on
those and other non-privileged documents, the Baclaan Plaintiffs
determined that Defendants The Travelers Insurance Company and

3

The Travelers Indemnity Company ("Travelers Defendants") designed a scheme that their attorneys implemented to withhold information to induce the plaintiffs to accept nuisance value settlements. The Travelers Defendants' attorneys were A&H, as national counsel, and Char, Hamilton, Campbell & Thom, Attorneys at Law, a Law Corporation ("Char Hamilton"), as local counsel. The Baclaan Plaintiffs argue that, because they entered into settlements based on fraudulent discovery, they can sue those responsible for that fraud to recover the difference between the settlement amounts and what the fair value of the settlements would have been without the fraud. The Toro Complaint and the Hopkins Complaint are based on the same allegations.

Baclaan and Toro are class actions, and Hopkins has individual plaintiffs. [Baclaan Complaint at ¶ 1; Toro Complaint at ¶ 1; Hopkins Complaint at ¶¶ 1-21.] Each of the three complaints alleged seven causes of action. Relevant to the instant Motions, the complaints alleged:

FIRST CAUSE OF ACTION:

Plaintiffs are entitled to damages for depressed settlement values (*i.e.*, the difference between what they would have settled for had they not been deceived by the fraudulent discovery answers of CE and what they did settle for) against all Defendants since all Defendants joined this conspiracy and are liable for the actions of their co-conspirator even if performed before they joined this conspiracy.

. . . .

4

FOURTH CAUSE OF ACTION:

     Peter C.P. Char is liable for this fraud since he negligently failed to ascertain the falsity of CE's interrogatory answers in the Hawaii asbestos litigation and allowed CE and the other conspirator Defendants to use his prestige as a well-respected member of the Hawaii bar to promote the false answers of CE to induce deflated settlements.

FIFTH CAUSE OF ACTION:

     Travelers Indemnity Company and Travelers Insurance Company and Arter & Hadden are liable to Plaintiffs for fraud and conspiracy to commit fraud for creating, implementing and fostering this scheme to falsely [sic] answers to interrogatories in Hawaii and throughout the mainland to deny asbestos sales to Hawaii to induce low settlement agreements.

E.g., Baclaan Complaint at pgs. 15-16.  The First Amended Complaint alleges the same claims against A&H, and it alleges the claims alleged in the original Complaint against Char against Char Hamilton.  E.g., Baclaan First Amended Complaint at pgs. 20-22.

The Travelers Defendants removed Baclaan to this district court based on: diversity jurisdiction, pursuant to 28 U.S.C. § 1332; "related-to" bankruptcy jurisdiction, pursuant to 28 U.S.C. § 1334; and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.  [Notice of Removal, filed 6/26/03 (dkt. no. 1).] The Baclaan Plaintiffs filed their First Amended Complaint on

5

July 7, 2003.[2]  [Dkt. no. 5.]  On July 10, 2003, the Baclaan
Plaintiffs filed a motion to remand and/or abstain, and for leave
to add a new defendant ("Old Motion").  [Dkt. no. 6.]  The case
was assigned to United States District Judge Robert E. Jones of
the District of Oregon.  [Order, filed 7/23/03 (dkt. no. 9).]
The same events occurred in Toro.  See CV 03-00326, dkt. nos. 1,
5, 6, 9.  The Complaint in Hopkins ("Hopkins Complaint") was
filed on December 10, 2002 in state court.  The Travelers
Defendants removed the case to the District of Hawai`i bankruptcy
court on June 26, 2003.[3]  Because the removal was to the
bankruptcy court, the Travelers Defendants did not include
diversity jurisdiction as one of the bases for removal.  The Old
Motion in Hopkins was filed in the bankruptcy court.  On July 25,
2003, the Travelers Defendants filed a motion to withdraw the
reference to the bankruptcy court, and Judge Jones issued a
written order granting the motion on September 15, 2003.
[Hopkins, CV 03-00401, dkt. nos. 1, 8.]

---

[2] In Baclaan, A&H and Defendant Robert B. Preston
("Preston") filed their answer to the First Amended Complaint on
September 2, 2003, and an amended answer on September 10, 2003.
[Dkt. nos. 17, 20.]  However, they withdrew their amended answer
on October 3, 2003.  [Dkt. no. 27.]

[3] The Travelers Defendants' Notice of Removal in Hopkins,
including the Hopkins Complaint, is attached to the Hopkins
Motion as Exhibit B to the Declaration of Counsel.  [Hopkins,
CV 03-00401, dkt. no. 65-4.]  According to the docket sheet for
the bankruptcy adversary proceeding A.P. No. 03-90031, the
Hopkins Plaintiffs did not file an amended complaint in 2003 like
the Baclaan Plaintiffs and the Toro Plaintiffs did.

The Travelers Defendants opposed the Old Motion in each case.  See, e.g., Baclaan, CV 03-00325, dkt. no. 13.  While the Old Motion was pending, A&H filed a notice of bankruptcy.  [Dkt. no. 36.]  In November 2003, Judge Jones held a hearing on the Old Motion.  [Dkt. no. 37.]  Judge Jones was apparently asked to defer ruling on the Old Motion because of a purportedly imminent settlement between Plaintiffs and the Travelers Defendants. [Mem. in Supp. of Baclaan Motion at 2.]

On February 10, 2006, the Baclaan Plaintiffs filed a motion seeking leave to enter into a stipulation with the trustee in A&H's Chapter 7 bankruptcy proceedings which would allow them to proceed against A&H's insurance policy covering punitive damages and "innocent partner" liability for fraud.  [Dkt. no. 44.]  Judge Jones granted the motion and approved the stipulation on January 16, 2007.  [Dkt. nos. 51, 52.]

Problems with Plaintiffs' settlements with the Travelers Defendants arose.  On September 21, 2007, Judge Jones issued a minute order administratively closing Baclaan, "with the understanding that if the settlement in the case became viable again, these cases will be immediately reopened."  [Dkt. no. 54.]  In 2014, the Second Circuit Court of Appeals ruled on a case addressing the enforceability of Travelers settlements in various actions nationwide.  See In re Johns-Manville, 759 F.3d 206 (2d Cir. 2014).  In the instant case, the Travelers Defendants

7

withdrew their opposition to the Old Motion on May 8, 2015.
[Dkt. no. 59.]

On July 8, 2015, the case was reassigned to this Court.
[Dkt. no. 66.]  Subsequently, the parties agreed to mediation,
but it was unsuccessful.  See Minutes, filed 10/26/15 (dkt. no.
71); Minutes, filed 4/22/16 (dkt. no. 76).  On May 6, 2016, this
Court issued an entering order terminating the Old Motion and
giving the Baclaan Plaintiffs leave to file a new motion within
thirty days.  [Dkt. no. 79.]  The instant Motions followed.

The Baclaan Plaintiffs argue that diversity
jurisdiction did not exist at the time of removal because Peter
C.-P. Char ("Char") – who was a defendant in the original
Complaint – was a Hawai`i resident.  They also argue that Char's
death after the filing of the Baclaan Complaint did not
extinguish their claims against him.  However, even if their
claims against Char were extinguished, they contend that the
addition of Char Hamilton as a defendant is appropriate, breaking
complete diversity and requiring remand.  The Baclaan Plaintiffs
also argue that "related-to" jurisdiction did not exist at the
time of removal because there was not enough of a connection
between their claims and CE's bankruptcy proceeding.  Further,
even if this Court would be inclined to conclude that there was
related-to jurisdiction, it should decline to exercise
jurisdiction on equitable grounds, pursuant to 28 U.S.C.

§ 1452(b).  Finally, the Baclaan Plaintiffs argue that, because neither diversity jurisdiction nor related-to jurisdiction existed, there was no basis for supplemental jurisdiction over the state law claims.  The Toro Plaintiffs and the Hopkins Plaintiffs raise the same arguments, except that the Hopkins Plaintiffs do not raise diversity arguments because diversity jurisdiction was not one of the bases for removal in <u>Hopkins</u>. The Hopkins Plaintiffs also seek leave to add Char Hamilton as a defendant.

<b><u>STANDARD</u></b>

As a general rule, the existence of removal jurisdiction is determined at the time the removal petition is filed, irrespective of subsequent events.  <u>See, e.g.</u>, <u>Allen v. F.D.I.C.</u>, 710 F.3d 978, 984 (9th Cir. 2013).  This district court has stated:

> "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  <u>Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.</u>, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting <u>Luther v. Countrywide Home Loans Servicing LP</u>, 533 F.3d 1031, 1034 (9th Cir. 2008)).  Thus, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"  <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting <u>Abrego Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 684 (9th Cir. 2006)) (alterations in original).  This "'strong presumption against removal jurisdiction means that the defendant always has the burden of

9

establishing that removal is proper,' and that the
court resolves all ambiguity in favor of remand to
state court." <u>Id.</u> (quoting <u>Gaus v. Miles, Inc.</u>,
980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

<u>U.S. Bank, Nat'l Ass'n v. Mizukami</u>, CIVIL NO. 15-00523 JMS-BMK,

2016 WL 632195, at *2 (D. Hawai`i Feb. 17, 2016) (alterations in

<u>U.S. Bank</u>).

## **DISCUSSION**

### I.   **Diversity Jurisdiction**

Federal courts may preside over state law claims

pursuant to their diversity jurisdiction under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1332(a)(1) (2003), the district courts had

original jurisdiction over actions between citizens of different

states "where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs."  At the time of

removal, "[s]ection 1332 require[d] complete diversity of

citizenship; each of the plaintiffs must be a citizen of a

different state than each of the defendants." <u>Morris v. Princess</u>

<u>Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing

<u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68, 117 S. Ct. 467, 136

L. Ed. 2d 437 (1996)).

In <u>Baclaan</u> and <u>Toro</u>, the amount in controversy

requirement is not in dispute.  The issues presented in the

Baclaan Motion and the Toro Motion are: 1) whether this Court

must disregard Char's citizenship because of his death prior to

removal; and 2) if Char's citizenship is disregarded, whether

this Court should grant Plaintiffs leave to add Char Hamilton as a defendant – which would destroy diversity – pursuant to 28 U.S.C. § 1447(e).

### A.   **Defendant Char**

Char was originally named as a defendant in all three cases.  He died on January 12, 2003.  [Otterberg Decl., Exh. 9 (The Honolulu Advertiser article dated 1/14/03).]  Plaintiffs served the Travelers Defendants on May 28, 2003.  [Mem. in Opp. at 4.]  On June 26, 2003, the Travelers Defendants removed Baclaan and Toro to this district court, based in part on diversity jurisdiction because Char was the only non-diverse defendant.  The Travelers Defendants took the position that Char's citizenship had to be disregarded in light of his death.

Based on the state court's docket sheets, no action was taken prior to removal – either by the parties or the state court – regarding Char's death.  Haw. Rev. Stat. § 634-61 states:

> The death of a plaintiff or defendant . . . shall not cause an action to abate, but it may be continued upon substitution of the proper parties as provided by the rules of court, or if the claim is one which survives to or against the surviving parties the action shall proceed in favor of or against the surviving parties as provided by the rules of court.

In determining whether a plaintiff's claim survives after the death of a defendant, Hawai`i courts analyze whether the claim would survive if the plaintiff died.  In Mitsuba Publishing. Co. v. State, the Hawai`i Intermediate Court of Appeals ("ICA")

11

dismissed the appeal against a defendant who had died while the appeal was pending, holding that the defamation action did not survive the defendant's death.  1 Haw. App. 517, 620 P.2d 771 (1980) (per curiam).  The ICA stated:

> Appellants argue that s 634-61, HRS, which provides that the death of a plaintiff or defendant does not cause an action to abate but that it may be continued upon substitution of proper parties saves their case.  That statute, however, is derived from Act 34 of the Laws of 1876.  It was long ago stated:
>
> > The Act of 1876 provides the method to be pursued in proceeding with an action after the death of the plaintiff or defendant.  But it seems to me from the language and intent of the Act that this procedure is only applicable to such actions as survive to the personal representatives of the deceased, that is, such actions as might originally be maintained by the executor or administrator.
>
> Bishop v. Lokana, 6 Haw. 556, 557 (1885).  The same result was reached in Alameda v. Spenser, 34 Haw. 667 (1938).  Obviously, at common law, an action for defamation could not be commenced by a personal representative of a defamed decedent.

1 Haw. App. at 517, 620 P.2d at 772 (citation omitted).  The ICA noted that the general rule in Hawai`i was that, "[a]t common law, personal actions died with the person."  Id. (citing City & County of Honolulu v. Sherretz, 42 Haw. 177 (1957)).  In Sherretz, the Supreme Court of the Territory of Hawai`i stated, "[t]his is particularly true where the damages sustained are personal in nature and do not affect property rights or interest."  42 Haw. at 180 (citing 1 R. C. L., § 22, p. 28).

This Court concludes that, under Hawai`i law, the Baclaan Plaintiffs' and the Toro Plaintiffs' claims against Char were personal actions that they could not pursue after his death.[4]  This Court therefore CONCLUDES that, at the time of removal, there was complete diversity amongst the parties, and that diversity jurisdiction existed.

   **B.   Defendant Char Hamilton**

        After removal, the Baclaan Plaintiffs and the Toro Plaintiffs attempted to join Char Hamilton by filing a First Amended Complaint and seeking leave to do so in the Old Motions. Plaintiffs allege that Char Hamilton is a Hawai`i corporation that was doing business in Hawai`i at all relevant times. [Baclaan First Amended Complaint at ¶ 6.]  This Court terminated the Old Motions and gave Plaintiffs leave to file the instant Motions.  28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This district court has stated:

---

        [4] Haw. Rev. Stat. § 663-5 does allow a plaintiff to pursue claims "for damages for physical injury or death" against a deceased defendant's legal representative or estate, but the claims at issue here do not arise out of physical injury or death.  Further, there is no comparable statute that would apply to the Baclaan Plaintiffs' and the Toro Plaintiffs' claims against Char.

> Courts look to the following factors in
> considering whether to allow the addition of a
> non-diverse defendant under Section 1447(e):
>
> > (1) whether the new defendants should be
> > joined under Federal Rule of Civil Procedure
> > 19(a) as "needed for just adjudication";
> > (2) whether the statute of limitations would
> > preclude an original action against the new
> > defendants in state court; (3) whether there
> > has been unexplained delay in requesting
> > joinder; (4) whether joinder is intended
> > solely to defeat federal jurisdiction;
> > (5) whether the claims against the new
> > defendant appear valid; and (6) whether
> > denial of joinder will prejudice the
> > plaintiff.
>
> Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654,
> 658 (S.D. Cal. 2000).

Ansaqay v. Dow Agrosciences LLC, CIVIL NO. 15-00184 SOM-RLP, 2015

WL 9412856, at *2-3 (D. Hawai`i Dec. 3, 2015), *report and*

*recommendation adopted*, 2015 WL 9412112 (D. Hawai`i Dec. 22,

2015).  This Court concludes that the majority of these factors

weigh in favor of allowing the Baclaan Plaintiffs and the Toro

Plaintiffs to add Char Hamilton as a defendant.

### 1.   **Whether Joinder is Necessary**

Fed. R. Civ. P. 19(a)(1) states:

A person who is subject to service of process and
whose joinder will not deprive the court of
subject-matter jurisdiction must be joined as a
party if:

> (A) in that person's absence, the court
> cannot accord complete relief among existing
> parties; or
>
> (B) that person claims an interest relating
> to the subject of the action and is so

14

> > situated that disposing of the action in the person's absence may:
>
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

This Court finds that complete relief can be accorded among the existing parties, even without Char Hamilton. <u>See</u> Rule 19(a)(1)(A).

To the extent that the Baclaan Plaintiffs and the Toro Plaintiffs have claims against Char Hamilton, they are able to pursue them in pending state court actions: <u>Baclaan, et al. v. Preston, et al.</u>, Civil No. 04-1-2348-12 EEH, and <u>Toro, et al. v. Preston, et al.</u>, Civil No. 04-1-2347-12 EEH (collectively "State Fraud Actions"). <u>See</u> Baclaan Motion, Decl. of Counsel, Exh. B (Complaint in <u>Baclaan v. Preston</u>), Exh. C (Complaint in <u>Toro v. Preston</u>). The State Fraud Actions are purported class actions, and the defendants named in the original complaints were: Robert B. Preston, an A&H partner; Frank Christenson, a former CE employee; and Char Hamilton. [<u>Baclaan v. Preston</u> Complaint at ¶¶ 1, 15.] The State Fraud Actions allege the following clams: fraud against all of the defendants; a claim that Char Hamilton either "recklessly or negligently failed to ascertain the falsity of CE's interrogatory answers in the Hawaii asbestos litigation

(or knew of the falsity)" or "intentionally entered into this plan to defraud Hawaii asbestos claimants;" and an additional fraud/conspiracy to commit fraud against Preston.  [Id. at pgs. 14-15.]

Preston died after the filing of the State Fraud Actions, and Preston's estate was substituted as a defendant in both cases.  The state court later granted the estate's motions to dismiss.  The plaintiffs attempted to amend their complaints to add A&H as a defendant, but the state court denied those motions.  See Otterberg Decl., Exh. 5 (docket sheet for Baclaan v. Preston), Exh. 6 (docket sheet for Toro v. Preston).

In light of Preston's death and the denial of the motions to add A&H as a defendant in the State Fraud Actions, this Court finds that the failure to join Char Hamilton in the instant case would not leave A&H subject to a substantial risk of inconsistent verdicts.  See Rule 19(a)(1)(B)(ii).  This Court also finds that, under the circumstances, Rule 19(a)(1)(B)(i) does not apply.  This Court therefore concludes that Char Hamilton is not required to be joined as a defendant pursuant to Rule 19(a).  Thus, the first Palestini factor weighs against allowing joinder.

    2.  **Statute of Limitations**

Plaintiffs apparently seek to assert two claims against Char Hamilton, a conspiracy to commit fraud claim and a

16

negligence claim.  See, e.g., Baclaan First Amended Complaint at pgs. 20-22.  In general, negligence claims are subject to a two-year statute of limitations pursuant to Haw. Rev. Stat. § 657-7."[5]  See, e.g., Carroll v. Cty. of Maui, Civil No. 13-00066 DKW-KSC, 2015 WL 1470732, at *6 (D. Hawai`i Mar. 31, 2015) (concluding that the plaintiffs' negligence claim, *inter alia*, was subject to a two-year statute of limitations).  In addition, Plaintiffs argue that the six-year statute of limitations period in Haw. Rev. Stat. § 657-20 applies to their negligence claim because Char Hamilton fraudulently concealed the existence of Plaintiffs' cause of action.[6]  Plaintiffs' conspiracy claim sounds in fraud and is subject to the six-year statute of limitations in Haw. Rev. Stat. § 657-1(4).  See Jou v. Adalian,

_____

[5] Section 657-7 states: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."  The exceptions listed in § 657-13 do not apply in the instant case.

[6] Section 657-20 states:

> If any person who is liable to any of the actions mentioned in this part or section 663-3, fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

CIV. NO. 15-00155 JMS-KJM, 2016 WL 4582042, at *19 (D. Hawai`i Sept. 1, 2016).

Plaintiffs apparently discovered the alleged fraud regarding the answers to interrogatories at some point during 2001.  <u>See, e.g.</u>, Baclaan Complaint at ¶ 32.  Thus, they argue that the original filing of the First Amended Complaints in <u>Baclaan</u> and <u>Toro</u> in July 2003 were timely.

A&H argues that allowing Plaintiffs to add Char Hamilton at this stage of the case would be futile because the claims are now time-barred.  A&H asserts that the filing of the First Amended Complaints did not toll the statute of limitations because Plaintiffs failed to serve Char Hamilton.  Plaintiffs, however, rely upon Haw. Rev. Stat. § 657-22, which states: "Upon any such matter being established, or upon its appearance in any other way that any process was issued **without any intent that it should be served**, the process shall not be deemed the commencement of an action within the meaning of this part or section 663-3." (Emphasis added.)  In <u>Heiser v. Association of Apartment Owners of Polo Beach Club</u>, this district court noted that there was no Hawai`i case law interpreting § 657-22 and that no other state had a similar statute.  848 F. Supp. 1482, 1484 (D. Hawai`i 1993).  The district court concluded:

> § 657-22 does not require a plaintiff to actually
> serve the defendant or to exercise due diligence.
> Instead, the threshold inquiry is a determination
> of the plaintiff's intent at the time "any process

18

was issued." The legislature, by limiting the
inquiry to the time of issuance of process,
apparently recognized the possibility that the
intent of a plaintiff to serve process may change
after process is issued but that under some
circumstances there may still be justification for
tolling the statute of limitations.

While a due diligence requirement might be
logical and even desirable, one has not been
divined from the statute; no court has even
interpreted the statute and the legislative
history of the statute provides nothing of value.
Accordingly, there is no state authority which
would allow this Court to import such an
interpretation into Hawaii limitations law.

Id. at 1485.  The Hawai`i Supreme Court discussed Heiser

extensively in Eto v. Muranaka, 99 Hawai`i 488, 500-02, 57 P.3d

413, 425-27 (2002).  Although the supreme court held that the

facts of Eto were distinguishable from the facts in Heiser, it

did not invalidate the Heiser analysis.  Further, neither the

Hawai`i Supreme Court nor the ICA has rejected Heiser in any

other case.  This district court has not addressed § 657-22 since

Heiser.

This Court agrees with Plaintiffs that § 657-22

applies, and it agrees with the district court in Heiser that

§ 657-22 cannot be interpreted as imposing an actual service or

due diligence requirement.  Based on the factual and procedural

history of this case, this Court cannot find that, at the time

the Baclaan Plaintiffs and the Toro Plaintiffs filed their First

Amended Complaints, they were "without any intent that it should

be served."  This Court therefore concludes that, if it allows

joinder pursuant to § 1447(e), the Baclaan Plaintiffs' claims and the Toro Plaintiffs' claims against Char Hamilton would be timely.  Thus, the second Palestini factor weighs in favor of allowing joinder.

### 3.   Unexplained Delay

Char died after a brief illness in January 2003.  See Otterberg Decl., Exhs. 8-9 (news articles regarding Char's death).  The Travelers Defendants removed Baclaan and Toro on June 26, 2003, and the Baclaan Plaintiffs and the Toro Plaintiffs filed the First Amended Complaints on July 7, 2003 and the Old Motions on July 10, 2003.  [Dkt. nos. 1, 5, 6.]  For the reasons discussed supra, the Old Motions remained pending until this Court terminated them and gave Plaintiffs leave to file new motions for remand.  [EO: Court Order Regarding Plaintiffs' Pending Motion to Remand, filed 5/6/16 (dkt. no. 79).]  This Court finds that, under the circumstances of this case, there was no unexplained delay in the request to join Char Hamilton.  Thus, the third Palestini factor weighs in favor of allowing joinder.

### 4.   Intent

The issue of whether the intent behind the joinder of Char Hamilton was to defeat diversity jurisdiction is a close one.  Plaintiffs clearly could have named Char Hamilton as a defendant in their original complaints.  See Baclaan Complaint at ¶ 3 ("On January 7, 1985, the Char law firm (recklessly

20

indifferent to the fact that these answers were false and CE did sell asbestos to Hawaii entities) forwarded CE's Responses to Plaintiffs' Amended Master Set of Interrogatories in both Hawaii state and federal court litigation . . . ."). In hindsight, it may have been wiser to name the firm from the outset. However, on the other hand, the desire to limit the number of Hawai`i attorneys named as defendants in these cases was understandable because this is a small legal community, and this Court also notes that Char's death was unforeseen. This Court therefore cannot find that, under the circumstances of this case, the joinder of Char Hamilton is intended solely to defeat federal jurisdiction. Thus, the fourth Palestini factor weighs in favor of allowing joinder.

### 5. **Validity of Claims**

The crux of Plaintiffs' claims against Char Hamilton is that the law firm was part of a conspiracy to induce Plaintiffs to accept artificially low settlement amounts in the Hawai`i asbestos cases based on fraudulent discovery responses. The Hawai`i Supreme Court has recognized that: "Unlike a claim for negligence, an attorney can be held liable for fraudulent misrepresentation." Buscher v. Boning, 114 Hawai`i 202, 220 n.13, 159 P.3d 814, 832 n.13 (2007) (citing Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawai`i 251, 268-69, 151 P.3d 732, 749-50 (2007) (citing caselaw from other jurisdictions

stating that it is well settled that an attorney can be sued by an adverse party for fraud); Matsuura v. E.I. du Pont, 102 Hawai`i 149, 162, 73 P.3d 687, 700 (2003) ("Under Hawai`i law, a party is not immune from liability for civil damages based upon that party's fraud engaged in during prior litigation proceedings."); Giuliani v. Chuck, 1 Haw. App. 379, 383-84, 620 P.2d 733, 736-37 (1980) ("The rule of law that an attorney representing a client may be held personally liable to an adverse party or a third person who sustains injury as a result of an attorney's intentional tortious acts is well settled." (citations omitted.))).  In such cases, the litigation privilege does not apply.[7]

A&H argues that Plaintiffs' claims against Char Hamilton are futile because they sound in negligence and therefore the rule allowing a party in a prior litigation to sue

---

[7] "'Hawai`i courts have applied an absolute litigation privilege in defamation actions for words and writings that are material and pertinent to judicial proceedings.'" Isobe v. Sakatani, 127 Hawai`i 368, 382-83, 279 P.3d 33, 47-48 (Ct. App. 2012) (emphasis omitted) (quoting Matsuura, 102 Hawai`i at 154, 73 P.3d at 692 (citations omitted)).  The ICA held that the litigation privilege extended to claims for slander of title. Id. at 383, 279 P.3d at 48.  The ICA also noted that the Hawai`i Supreme Court had previously extended the litigation privilege to "claims of intentional interference with contractual relations (IICR) and intentional interference with prospective economic advantage (IIPEA) against attorneys who had represented parties adverse to the plaintiff in prior . . . proceedings." Id. at 384, 279 P.3d at 49 (citing Kahala Royal, 113 Hawai`i at 266-73, 151 P.3d at 747-54).  In Isobe, the ICA held that the litigation privilege did not apply to the abuse of process and malicious prosecution claims in that case.  Id. at 385, 279 P.3d at 50.

an adverse attorney for fraud does not apply.  A&H argues that:
Char Hamilton owed no duty to Plaintiffs in the Hawai`i asbestos
cases; and the litigation privilege bars Plaintiffs' claims
against Char Hamilton.[8]  Plaintiffs deny that their claims
against Char Hamilton are negligence claims, but they assert
that, to the extent their claims could be interpreted as such,
they could amend their complaints to allege more specific
allegations regarding scienter.  See, e.g., Mem. in Supp. of
Baclaan Motion at 20.

It is clear that at least one of Plaintiffs' claims
against Char Hamilton asserts fraud, and that certain types of
claims against an adverse attorney for fraud in a prior
litigation are cognizable under Hawai`i law.  This Court
recognizes that it is A&H's position that, based on the precise
nature of Plaintiffs' claims against Char Hamilton, the
litigation privilege still applies and would bar Plaintiffs'
claims.  However, A&H's argument asks this Court to address the
merits of Char Hamilton's potential **defense**.  The § 1447(e)
analysis merely asks whether the new **claims** "appear valid,"
which is a lower threshold than whether the claims would survive
a motion to dismiss.  This Court CONCLUDES, for purposes of the

---

[8] A&H also argues that Plaintiffs' claims against it fail as
a matter of law for the same reasons, and A&H states that it
intends to file motions to dismiss.  This Order expresses no
opinion regarding the merits of Plaintiffs' claims against A&H.

§ 1447(e) analysis, that at least one of the Baclaan Plaintiffs'
and one of the Toro Plaintiffs' claims against Char Hamilton
appears valid.  Thus, the fifth Palestini factor weighs in favor
of allowing joinder.

### 6. Prejudice

In light of the pending State Fraud Actions, this Court
FINDS that the Baclaan Plaintiffs and the Toro Plaintiffs would
not be prejudiced if this Court denied joinder.  Thus, the sixth
Palestini factor weighs against allowing joinder.

### 7. Balancing of Factors

This Court has found that four out of the six Palestini
factors weigh in favor of joinder.  Further, this Court concludes
that the four factors favoring joinder – particularly the
potential merit of the claims and the lack of improper motive –
are more persuasive than the two factors weighing against
joinder.  Therefore, this Court, in the exercise of its
discretion, CONCLUDES that the joinder of Char Hamilton in
Baclaan and Toro is in the interests of justice, and GRANTS the
Baclaan Plaintiffs' and the Toro Plaintiffs' requests to join
Char Hamilton as a defendant.

This Court acknowledges that the issue of diversity
jurisdiction is not present in Hopkins, and therefore the
analysis of the Palestini factors was not necessary for that
case.  However, for similar reasons as those discussed in the

24

analysis of the Palestini factors for Baclaan and Toro, this Court also GRANTS the Hopkins Plaintiffs' request to join Char Hamilton.

In light of the joinder of Char Hamilton in Baclaan and Toro, this Court further CONCLUDES that diversity jurisdiction no longer exists because Char Hamilton is a Hawai`i resident, and there is no longer complete diversity.  This Court now turns to the issue of whether it has "related-to" jurisdiction over all three cases.

## II.  Related-to Jurisdiction

All three cases were removed based on "related-to" bankruptcy jurisdiction, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).  Section § 1334(b) states:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Section 1452(a) states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

"A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy."  In re Wilshire Courtyard, 729 F.3d 1279, 1287 (9th Cir. 2013) (citation and some internal quotation marks omitted).  However, related-to jurisdiction is not limitless. Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995); Kaonohi Ohana, Ltd. v. Sutherland, 873 F.2d 1302, 1307 n.6 (9th Cir. 1989).

The Ninth Circuit has adopted the Third Circuit's definition of "related-to" bankruptcy jurisdiction in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).[9]  In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988).  In Fietz, the Ninth Circuit stated:

> Various circuits have developed slightly different definitions of what constitutes a "related" case under section 1471(b) and its identical successor, section 1334(b).  The Third Circuit articulated what has become the dominant formulation:
>
> > The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether **the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy**. . . .  Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

_____

[9] Pacor was overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995).

> positively or negatively) and which in any
> way impacts upon the handling and
> administration of the bankrupt estate.
>
> Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.
> 1984) (emphasis in original). . . .
>
>        . . . .
>
>        We conclude that the Pacor definition best
> represents Congress's intent to reduce
> substantially the time-consuming and expensive
> litigation regarding a bankruptcy court's
> jurisdiction over a particular proceeding.  See H.
> Rep. No. 595, 95th Cong., 2d Sess., 43-48,
> reprinted in 1978 U.S. Code Cong. & Admin. News,
> 5787, 5963, 6004-08.  The Pacor definition
> promotes another congressionally-endorsed
> objective: the efficient and expeditious
> resolution of all matters connected to the
> bankruptcy estate.  See id.  We therefore adopt
> the Pacor definition quoted above. . . .

Id. at 457 (underline emphasis added).  In the Ninth Circuit,

related-to jurisdiction has even been held to "extend to actions

against bankrupt entities' subsidiaries." Fed. Home Loan Bank of

Seattle v. Barclays Capital, Inc., No. C10-0139 RSM, 2010 WL

3662345, at *6 (W.D. Wash. Sept. 1, 2010) (citing In re American

Hardwoods, 885 F.2d 621, 623-24 (9th Cir. 1989); Kaonohi Ohana

Ltd. v. Sutherland, 873 F.2d 1302, 1307 (9th Cir. 1989)).

        District courts within the Ninth Circuit have also

concluded that, under Fietz, related-to jurisdiction existed:

where the non-party debtor was contractually obligated to

indemnify a defendant; see, e.g., In re Enron Corp., 296 B.R.

505, 508 (C.D. Cal. 2003); and even where the defendants did "not

have direct indemnification rights against any bankruptcy

27

debtors, but only secondary or tertiary indemnity claims";

F.D.I.C. v. Banc of Am. Sec. LLC, No. 2:12-CV-532 JCM (RJJ), 2012 WL 2904310, at *4 (D. Nev. July 16, 2012).  Based on these broad interpretations of related-to jurisdiction in Ninth Circuit caselaw and the district court cases applying such caselaw, this Court FINDS that, at the time of removal, the outcome of this case could conceivably have had an effect on the administration of CE's pending bankruptcy proceedings.  Thus, this Court CONCLUDES that related-to jurisdiction existed at the time of removal.

However, even where related-to jurisdiction exists, a district court may order remand based on equitable factors.  See 28 U.S.C. § 1452(b) (stating that the court to which a case is removed based on related-to jurisdiction may order remand "on any equitable ground").

> "Section 1452(b) gives courts an unusually broad grant of authority in determining whether remand is equitable."  Charles Schwab Corp. v. Banc of America Securities, No. 10-CV-03489-LHK, 2011 WL 864978 at *7 (N.D. Cal. Mar. 11, 2011) (internal quotation marks and citations omitted).  District courts in this circuit "have typically identified seven factors governing the decision to remand: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal."  Parke v. Cardsystems Solutions, No. C 06-04857 WHA, 2006 WL 2917604, at *4 (N.D. Cal. Oct. 11, 2006)

(quoting <u>Hopkins v. Plant Insulation Co.</u>, 349 B.R. 805, 813 (N.D. Cal. 2006)).

<u>Tran v. Select Portfolio Servicing, Inc.</u>, Case No. 14-cv-05404-HSG, 2015 WL 1802445, at *2 (N.D. Cal. Apr. 20, 2015).

As to the first factor, at the present time, the only defendants involved in the case are A&H and – based on the instant Order – Char Hamilton.  There is no indication that the resolution of Plaintiffs' claims against A&H and Char Hamilton will affect CE's bankruptcy estate.  Thus, this Court FINDS that the first factor weighs in favor of remand.

Plaintiffs' claims against A&H and Char Hamilton are state law claims, sounding in fraud and negligence.  Thus, issues of state law predominate, and there are no issues of bankruptcy law.  This Court FINDS that the second and fifth factors weigh in favor of remand.  However, because the state law issues are not particularly difficult and do not require the state court's unique expertise in the interpretation of Hawai`i law, this Court FINDS that the third and fourth factors are neutral.

This Court also FINDS that the sixth factor is neutral because a jury trial would be available either in this district court or in the state court on remand.

As to the seventh factor, Plaintiffs would have some prejudice if this Court denies remand because they would be denied their choice of forum.  They also state that they believe the cases will be transferred to the District of Delaware if this

29

Court retains jurisdiction, and the burden on Plaintiffs to prosecute these cases in that court would be great.  In contrast, Plaintiffs assert that, if this Court orders remand, the cases would be assigned to the dedicated asbestos docket judge in the Hawai`i state courts.  Plaintiffs' argument regarding the future transfer of this case is speculative at this stage of the case.  Further, it is unclear whether the instant cases would be assigned to the asbestos docket judge if this Court ordered remand because the claims now at issue assert attorney fraud and negligence, not liability directly related to asbestos products.  This Court therefore FINDS that the seventh factor is neutral.

Although only three of the seven factors weigh in favor of removal, no factor weighs against removal.  Further, this Court finds that the first factor is the most persuasive.  This is particularly so because, if the issue before this Court was whether related-to jurisdiction exists **at the present time**, the test to determine whether jurisdiction exists would be far more restrictive.  One district court has described that analysis as follows:

> Once a bankruptcy plan has been confirmed, the Ninth Circuit has curtailed the reach of "related to" jurisdiction to ensure that bankruptcy jurisdiction does not continue indefinitely.  See In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005) (adopting the Third Circuit's post-confirmation approach as articulated in In re Resorts Int'l, Inc., 372 F.3d 154, 166-67 (3d Cir. 2004)).  In In re Resorts Int'l, Inc., the Third Circuit explained that

30

> "bankruptcy court jurisdiction must be confined within appropriate limits and does not extend indefinitely, particularly after the confirmation of a plan and the closing of a case."  372 F.3d at 165.  Thus, when a bankruptcy plan has been confirmed, the Ninth Circuit applies a more stringent "close nexus" test.  Under the "close nexus" test, the question is "'whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter.'"  In re Pegasus Gold Corp., 394 F.3d at 1194 (quoting In re Resorts Int'l, Inc., 372 F.3d at 166-67).  Matters that qualify as having a sufficiently close nexus typically include those that affect "the interpretation, implementation, consummation, execution, or administration of the confirmed plan."  Id.

Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC, 448 B.R. 517, 524 (C.D. Cal. 2011).  This Court would not be inclined to find that Plaintiffs' claims against A&H and Char Hamilton have a "close nexus" to CE's bankruptcy proceedings or plan.  Thus, this Court gives the greatest weight to the first factor in the equitable remand analysis.

Having considered all of the equitable remand factors, in particular, the fact that these cases would not have an effect on the administration of CE's bankruptcy estate, this Court FINDS that equitable remand pursuant to § 1452(b) is appropriate in these cases.

## III. **Supplemental Jurisdiction**

In each of the three cases, the Travelers Defendants' Notice of Removal asserted that there was related-to jurisdiction over Plaintiffs' claims against CE and supplemental jurisdiction

pursuant to 28 U.S.C. § 1367 over Plaintiffs' other claims. However, because this Court has concluded that equitable remand is appropriate pursuant to § 1452(b), this Court – in the exercise of its discretion – DECLINES to exercise supplemental jurisdiction in these three cases.  See 28 U.S.C. § 1367(c).[10]

## CONCLUSION

On the basis of the foregoing, the Motion to Remand and/or Abstain and Motion for Leave to Name New Party Defendant, filed July 5, 2016 in Baclaan, CV 03-00325; the Motion to Remand and/or Abstain and Motion for Leave to Name New Party Defendant, filed July 5, 2016 in Toro, CV 03-00326; and the Motion to Remand and/or Abstain and Motion for Leave to Name New Party Defendant, filed July 6, 2016 in Hopkins, CV 03-00401 are HEREBY GRANTED.

---

[10] Section 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)  the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Specifically, the Motions are GRANTED insofar as:

-the Baclaan Plaintiffs, the Toro Plaintiffs, and the Hopkins
    Plaintiffs are GRANTED leave to add Char, Hamilton, Campbell
    & Thom, Attorneys at Law, a Law Corporation, as a defendant;

-the addition of Char Hamilton in <u>Baclaan</u> and <u>Toro</u> destroys
    complete diversity of citizenship, and this Court CONCLUDES
    that diversity jurisdiction no longer exists;

-although this Court CONCLUDES that related-to bankruptcy
    jurisdiction existed over Plaintiffs' claims against
    Defendant Combustion Engineering, Inc. at the time of
    removal in all three cases, this Court CONCLUDES that
    equitable remand pursuant to 28 U.S.C. § 1452(b) is
    appropriate in each case; and

-this Court DECLINES to exercise supplemental jurisdiction over
    the claims over which related-to jurisdiction did not exist
    at the time of removal.

This Court therefore REMANDS <u>Baclaan</u>, CV 03-00325, <u>Toro</u>, CV 03-

00326, and <u>Hopkins</u>, CV 03-00401, pursuant to § 1452(b).  This

Court ORDERS the Clerk's Office to effectuate the remand on

**November 21, 2016**, unless a motion for reconsideration of this

Order is filed by **November 17, 2016.**

        IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 31, 2016.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

LORENZO BACLAAN, ET AL. VS. COMBUSTION ENGINEERING, ET AL; CV 03-00325 LEK-KSC; GEORGE H. TORO, ET AL. VS. COMBUSTION ENGINEERING, ET AL; CV 03-000326 LEK-KSC; THEODORE K. HOPKINS, ET AL. VS. COMBUSTION ENGINEERING, ET AL; CV 03-00401 LEK-KSC; ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND/OR ABSTAIN AND FOR LEAVE TO ADD DEFENDANT